UNITED STATES of America, Plaintiff–Appellee,

v.

Israel CORTEZ, III, Defendant–Appellant.

No. 02–41573.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Oct. 7, 2003.

---

Before JOLLY, WIENER, and
DENNIS, Circuit Judges.

PER CURIAM.*

Defendant–Appellant Israel Cortez, III,
appeals from his conviction for transport-
ing illegal aliens within the United States
for financial gain. He argues that (1) his
rights under the Confrontation Clause
were violated by testimony adduced from a
Border Patrol agent regarding the aliens'
pick-up location; (2) the district court
abused its discretion by excluding from

evidence the immigration interview files of
the 18 deported alien witnesses; and (3)
the pre-trial deportation of those 18 illegal
aliens violated his rights under the Fifth
and Sixth Amendments.

■ We need not determine whether
the testimony adduced by Agent Busta-
mante violated Cortez's rights under the
Confrontation Clause, because we find that
it was harmless. *See United States v.
Edwards,* 303 F.3d 606, 623 (5th Cir.2002),
*cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272,
154 L.Ed.2d 1025 (2003). The prosecu-
tion's case against Cortez was strong.
Even absent the contested testimony, the
evidence wholly refuted Cortez's theory of
the case, and defense counsel extensively
cross-examined Bustamante on this issue.

■ Cortez contends that the district
court abused its discretion in excluding the
files of the 18 deported aliens from evi-
dence by virtue of erroneously applying
FED.R.EVID. 803(8)(B). Our review of the
trial transcript, however, reveals that the
district court's evidentiary ruling was not
based on an application of Rule 803(8)(B);
rather, it was based on a determination
that the standardized questions asked of
the aliens were too generalized for their
answers to be used as contradictory evi-
dence of where Cortez's trailer had picked
up the aliens. And, as Cortez does not
assign error to this ruling by the district
court, he has waived its review. *See United
States v. Valdiosera–Godinez,* 932 F.2d
1093, 1099 (5th Cir.1991).

■ As for the pre-trial deportation of
the remaining aliens, we hold that Cortez's
Fifth and Sixth Amendment rights were
not violated, because Cortez has failed to
make a plausible showing that their testi-
mony would have been material and favor-

able to his defense. *See United States v. Perez,* 217 F.3d 323, 326 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.